IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

UNITED STATES OF AMERICA                                              PLAINTIFF

V.                              NO. 4:05CR00121-01-WRW

RICHARD LEE ATTAWAY                                                   DEFENDANT

### ORDER

Pending is Defendant's Motion to Suppress (Doc. No. 15). The Prosecution has responded (Doc. No. 18). Defendant and the Prosecution have waived a hearing, and stipulated that the motion could be decided on the papers.

### I.     BACKGROUND

Defendant asserts that the affidavit submitted to obtain the search warrant "is insufficient as a matter of law, to evidence the probable cause necessary for a search warrant."[1] Only the following portions of the affidavit are disputed by Defendant: (1) neighbor's have repeatedly called the Prairie County Sheriff's Office complaining that "explosions have been heard coming from the Attaway's residence"; (2) neighbors "up to a mile away" have complained that the "explosions shook the windows and doors of their homes"; and (3) the Sheriff's Office has obtained "several statements from residents . . . about the loud explosions in the area."[2]

---

[1] Doc. No. 16.

[2] Doc. No. 18, Ex. A.

**II.     DISCUSSION**

Defendant asserts that the affidavit is insufficient because it does not establish the reliability of the statements of the unidentified neighbors, and without the neighbor's statements, the affidavit lacks the probable cause necessary to issue a search warrant. I disagree.

The standard of probable cause for the issuing judge is whether, given the totality of the circumstances, "there is a fair probability that contraband or evidence of a crime will be found in a particular place."[3] Even if information provided by the unidentified neighbors is stricken from the affidavit, as Defendant suggests, probable cause, justifying the issuance of the warrant, still exists.

The affidavit contained the following facts, which are undisputed by Defendant: (1) Defendant is a "known convicted felon";[4] (2) Defendant's wife told the affiant, Detective Wallace, that Defendant had recently been modifying rifles for several area residents; and (3) Mr. Larry Grahman filled out an affidavit for arrest at the State Court Clerk's Office, alleging that Defendant and another man "shot his truck several items with a rifle" when he was at Defendant's residence.[5] In light of these facts, probable cause existed to search the residence for firearms. Since the officers were lawfully executing a valid warrant for firearms, the discovery

---

[3]*Illinois v. Gates*, 462 U.S. 213, 238 (1983); *United States v. Johnson*, 64 F.3d 1120, 1126 (8th Cir. 1995).

[4]Doc. No. 18, Ex. A.

[5]*Id.* Although no action had been taken on Mr. Grahman's affidavit of arrest, the information corroborates Defendant's wife's admission that there were firearms on the property.

of explosives, drug paraphernalia, the methamphetamine lab, etc were not the product of an unlawful search.[6]

In sum, the affidavit, even without the unidentified neighbors' information, provided the magistrate with sufficient information that contraband would be found at the Attaway's residence.

## CONCLUSION

The affidavit is not a model of clarity or specificity, but I'm satisfied that it passes muster under current case law.

Based on the findings of fact and conclusions of law above, Defendant's Motion to Suppress is DENIED.

IT IS SO ORDERED this 14th day of December, 2005.

        /s/ Wm. R.Wilson,Jr.
        UNITED STATES DISTRICT JUDGE

---

[6]*See U.S. v. Love*, 59 Fed. Appx. 165, 166 (8th Cir. 2003); *U.S. v. Clayton*, 210 F.3d 841, 843-45 (8th Cir. 2000); *U.S. v. Schimitz*, 181 F.3d 981, 988 (8th Cir. 1999).